DowNet, Judge,
delivered the opinion of the court:
The plaintiff made an income-tax return for the year 1918 in which he segregated dividends to the amount of $83,647, received during the first 60 days of 1918, from $51,097, of dividends received during that year, but subsequent to the first 60 days, and computed his income tax on the basis of the application to the first named amount of the rates provided by law for the year 1917. The Commissioner of Internal Revenue, holding that the entire income from dividends received during 1918 was subject to the prescribed rates for that year, levied an additional tax to the amount of $28,245.10,.which plaintiff paid under protest and seeks to recover here, having first duly presented to the commissioner a claim for refund.
Plaintiff’s reliance is upon paragraph (e) of section 201 of the revenue act of February 24,1919 (40 Stat. 1057 at 1060), which, in part, is as follows:
“ (e) Any distribution made during the first sixty days of any taxable year shall be deemed to have been made from earnings or profits accumulated during preceding taxable year”; etc., and the contention is that the surtax on the dividends received by the plaintiff during the first 60 days of 1918 should have been taxed at the 1917 rate. The question is purely one of statutory construction without complications otherwise arising.
Section 201, subhead “Dividends,” appears, like the preceding section, under the head “ General provisions ” and, while section 200 bears the subhead “ Definitions,” it is apparent that section 201 is also definitive in character and does not attempt to deal with applicable rates.
We are mindful of the established rules cited by counsel as to the construction of taxing statutes and if there were no room for the application of paragraph (e) otherwise than to the matter of applicable individual rates thejr would perhaps be of some force in determining construction, but that condition certainly does not prevail.
*323 There is abundant application for the paragraph in question under the various provisions of the revenue act having' to do with the returns by corporations of their fiscal affairs, so evident that a review seems wholly unnecessary, to which it may be added that the language of the paragraph applies itself naturally to the fiscal affairs of the corporation paying: the dividends and not to the individual receiving them. The provision must certainly mean that “ any distribution,” referring necessarily to a distribution made by the corporation as dividends, within the first 60 days of any taxable year, shall be deemed, so far as the corporation is concerned, to have been made from the earnings or accumulated profits of a preceding year, and we find no room for its application to the individual income-tax return of the recipient of those dividends. Extended discussion seems unnecessary.
We conclude that the plaintiff is not entitled to recover and have accordingly ordered that his petition be dismissed.
Geaham, Judge; Hat, Judge; Booth, Judge; and Campbell, Ghief Justice, concur.