Campbell, Chief Justice,
delivered the opinion of the court:
The plaintiff sues to recover income taxes paid which the Commissioner of Internal Revenue refused, upon plaintiff’s application therefor, to refund to him. The facts are stipulated and it appears from them that plaintiff was the prin *198 cipal stockholder in a coal company incorporated in 1905 with an authorized capital of $1,000,000, divided into 10,000 shares of common stock of the par value of $100 each, of which stock plaintiff owned 9,550 shares. The stock was paid for by the transfer to the corporation of the assets of another corporation. The corporation issued its bonds to the amount of $710,000, upon which it realized $463,000, which went into its treasury. During the early years of its existence the corporation incurred heavy expenses in development, and its stockholders, who were also its sole bondholders, surrendered prior to December 31, 1912, bonds and accrued interest to the amount of $540,460.51, which was credited to its surplus account. During the period from its organization to February 28, 1913, the corporation’s operating losses amounted to $440,000, which were charged against the surplus account on its books. For the balance of the year 1913, and the years 1914 and 1915, the operations showed a net loss of approximately $157,000, and during the years 1916, 1917, and 1918 there were gains of approximately $136,000.
On December 17, 1918, the directors declared a dividend of 8 per cent on the common stock, 6 per cent payable at once and 2 per cent when, in the opinion of the treasurer, funds were available for the purpose. Plaintiff accordingly received on his 9,550 shares 8 per cent, amounting to $75,000, received December 20, and $1,400 received December 31, 1918, a total of $76,400. Plaintiff in his income-tax return reported this amount as received by him during 1918 from the corporation as a taxable dividend paying an income tax for the year 1918 in the sum of $21,833.42. If the $76,400 be not taxable his tax for that year would be $19,788.68 less than he paid. In April, 1921, plaintiff applied to the commissioner for' a refund of this last-named amount, claiming that in his return he had erroneously reported as a dividend, and paid tax upon the amount received from the corporation during 1918, $76,400.
The question for decision as stated by plaintiff’s counsel is: “ Where a corporation has a loss in excess of its gains for the period of its corporate existence, as well as for the period from March 1, 1913, to December 31, 1918, is a dis *199 tribution of corporate funds to the stockholders in 1918 a taxable dividend within the meaning of the revenue act of 1918, or is such distribution a return of capital and therefore not taxable?” More directly, however, the question is whether the amount received by the plaintiff in 1918 from the corporation was a part of his income for that year. The corporation had gains in three years, 1916, 1917, and 1918. It had gains in 1918 of $84,000. It declared an 8 per cent dividend to its stockholders in December, 1918. It was paid to and received by them, the plaintiff receiving his proportion and keeping it. That it increased his income by1 that much there can be no question. It was a dividend within the meaning of section 201 of the revenue act of 1918, subdivision (a) and (e), 40 Stat. 1059. It was a distribution out of its earnings or profits in 1918. If it be concluded that the corporation had the right to withhold distribution and apply the earnings to make up its losses during prior years it did not exercise that right, and the plaintiff is in no position to complain of its action. He was properly taxable on the dividend as part of his income. See Edwards v. Douglas, 269 U. S. 204; Adams case, 60 C. Cls. 319. The petition should be dismissed. And it is so ordered.
Moss, Judge; Graham, Judge; Hat, Judge; and Booth, Judge, concur.